### John M. Smith et al., Plaintiffs in Error, v. George W. Smith and Robert W. Rank, Administrator, Defendants in Error.

### Gen. No. 6,234.    (Not to be reported in full.)

Error to the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Bill in equity by John M. Smith, Nellie M. Clow, Nellie Anderson, Arthur E. Johnson and Anne E. Smith, as heirs of John P. Smith, deceased, complainants, against George W. Smith, sole beneficiary, and Robert W. Rank, administrator with the will annexed of John P. Smith, defendants, to set aside the will of said deceased. From a decree dismissing the bill for want of equity, complainants bring error.

WILLIAM McENIRY and FLOYD E. THOMPSON, for plaintiffs in error.

J. T. & S. R. KENWORTHY, for defendants in error.

Smith v. Smith et al., 205 Ill. App. 116.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Wills, § 20*—*what are not insane delusions.* In proceedings to set aside a will where it was claimed that the unsoundness of mind of the testator was manifested by his search for gold or coal on his farm, and that his belief that gold could be found in paying quantities was a delusion resulting from an unsound state of mind, and it appeared that the notions which the testator had concerning the probability of finding gold or coal were not purely imaginative but had some basis in fact, *held* that such ideas of the testator were conclusions and not delusions.

2. Wills, § 20*—*what constitutes a delusion.* In proceedings to set aside a will where it was claimed that the testator suffered from delusions resulting from an unsound mind, *held* that a delusion is not a deduction from facts, but something purely imaginative, a figment of the brain.

3. Wills, § 20*—*what are not delusions.* Where the notions of a testator charged with suffering from delusions resulting from an unsound state of mind are based upon some sort of evidence, however insufficient, such notions are deemed conclusions and not delusions.

4. Wills, § 20*—*when existence of insane delusions not shown.* An insane delusion is not established when the court is able to understand how a person situated as the testator was might have believed all that 'the evidence shows that he did believe, and still have been in full possession of his senses.

5. Wills, § 20*—*what does not constitute a delusion invalidating will.* Where a testator has actual grounds for suspicion of the existence of something in which he believes, though in fact not well founded and disbelieved by others, a misapprehension of the fact is not a matter of delusion which will invalidate his will.

6. Wills, § 30*—*who has burden of proof as to sanity of testator.* In the contest of a will upon the question of testamentary capacity, the burden of proving the sanity of the testator is in the first instance on the proponents, but after a prima facie case has been made out by the testimony of the subscribing witnesses, the legal presumption is in favor of sanity, and the burden of the whole case rests upon the contestants.

7. Wills, § 19*—*when senile dementia does not constitute mental incapacity to make will.* While *senile dementia* is a weakening con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dition of the mind resulting from old age and bringing about a diminution of the mental faculties, it does not necessarily result in mental incapacity to make a will.

8. Wills, § 19*—*when evidence insufficient to show mental incapacity to make will.* In a will contest where expert witnesses testified that the testator had *senile dementia* on a certain date and that he was so afflicted four months previous, when the will was made, but did not testify that such *senile dementia* which the testator may have had during the month the will was made was of such a character as to affect his testamentary capacity, evidence *held* insufficient to show mental incapacity to make a will.